UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: **10-23406-CIV-MORENO**

SIRIUS COMPUTER SOLUTIONS, INC. and
ORACLE USA, INC.,

    Appellants,

vs.

AASI CREDITOR LIQUIDATING TRUST,

    Appellee.
_____/

## ORDER GRANTING MOTION TO DISMISS APPEAL OF ORACLE USA, INC.

THIS CAUSE came before the Court upon the Motion to Dismiss **(D.E. 13)**, filed on **November 4, 2010**, in which the Appellee, AASI Creditor Liquidating Trust ("AASI Trust"), has requested that the Court dismiss the appeal of Appellant Oracle USA, Inc. ("Oracle") as an improper interlocutory appeal. Oracle has appealed from the Bankruptcy Court's Order denying its Motion to Dismiss for improper venue and its Motion for Permissive Abstention. Because the Court finds that neither of these denials is immediately appealable in the absence of a final judgment on the merits, the Court grants the motion to dismiss.

### I. Factual Background

On April 24, 2009, AASI Trust filed an Amended Complaint against several defendants, including Oracle, asserting causes of action related to a disastrous computer system installation that ultimately caused the financial collapse of All American Semiconductor, Inc. and thirty-three affiliated companies and necessitated their Chapter 11 bankruptcy filing. Within the adversary proceeding, Oracle moved to dismiss the Amended Complaint for improper venue due to a

contractual forum-selection clause and also requested that the Bankruptcy Court abstain from hearing the matter. The Bankruptcy Court denied both motions in a single Memorandum Opinion entered on July 20, 2010. Oracle has appealed the Bankruptcy Court's denial of these motions, and AASI Trust has moved to dismiss Oracle's appeal as an improper interlocutory appeal.

## II. Discussion

The United States Supreme Court has unequivocally held that an order denying a motion to dismiss for improper venue based on a contractual forum selection clause is not immediately appealable. *See Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497–98 (1989). Oracle attempts to circumvent this well-settled rule of law by arguing that the Bankruptcy Court's denial of its motion for permissive abstention is immediately appealable and that as a result the denial of its motion to dismiss for improper venue is immediately appealable as well pursuant to the pendent appellate jurisdiction doctrine. The Court disagrees.

Oracle cites seven cases for the proposition that a denial of a motion for permissive abstention is immediately appealable; however, in five of those seven cases the appeal was not interlocutory but rather taken only after a final judgment on the merits had been entered. The other two cases cited by Oracle are distinguishable because they involved mandatory rather than permissive abstention. While an order denying a motion for mandatory abstention is immediately appealable, an order denying a motion for permissive abstention is not. *See Gentry v. Gentry*, 207 B.R. 146, 149 (Bankr. E.D. Ky. 1997). Moreover, Oracle has not even attempted to meet its burden of persuading the Court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal citations omitted). Therefore, because a final judgment has not

been entered in the underlying adversary case, no grounds exist for the appeal of the Bankruptcy Court's interlocutory order denying permissive abstention. Accordingly, the Court finds Oracle's appeal to be an improper interlocutory appeal.

### III. Conclusion

Wherefore, the Court having considered the motion to dismiss, the pertinent portions of the record, the relevant case law, and being otherwise fully advised in the premises, it is hereby

**ADJUDGED** that Appellee's Motion to Dismiss Appellant Oracle USA, Inc.'s appeal is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of August, 2011.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record