UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  10-23406-CIV-MORENO**

SIRIUS COMPUTER SOLUTIONS, INC.,

      Appellant,

vs.

AASI CREDITOR LIQUIDATING TRUST,

      Appellee.

_____/

**CLOSED
CIVIL
CASE**

## ORDER AFFIRMING BANKRUPTCY COURT

On April 24, 2009, Plaintiff/Appellee AASI Creditor Liquidating Trust ("AASI Trust"), by and through the Liquidating Trustee Kenneth A. Walt, initiated an adversary proceeding against several defendants, including Defendant/Appellant Sirius Computer Solutions, Inc. ("Sirius"), asserting causes of action related to a disastrous computer system installation that ultimately caused the financial collapse of All American Semiconductor, Inc. and thirty-three affiliated companies (collectively, the "Debtors") and necessitated their Chapter 11 bankruptcy filing. Sirius filed a motion to dismiss based on certain venue and arbitration provisions in its prior contract with the Debtors. The bankruptcy court denied the motion, and Sirius appealed. Because the Court finds that Sirius's arbitration rights were superseded by the venue and exclusive jurisdiction provisions of the confirmed Third Amended Plan of Liquidation, the bankruptcy court's denial of Sirius's motion to dismiss is AFFIRMED.

### I. Factual Background

On April 25, 2007, the Debtors filed voluntary petitions for bankruptcy under Chapter 11 of the Bankruptcy Code. The Debtors' financial collapse was due in large part to the severely flawed implementation of an Enterprise Resource Planning System (the "ERP System") in February of 2006.

Sirius provided the Debtors with the hardware and operating system for the ERP System, as well as consulting services related to its implementation. On January 23, 2009, the Official Committee of Unsecured Creditors filed a Revised Second Amended Plan of Liquidation (the "Second Amended Plan").

Article XIII, Section A of the Second Amended Plan provided in pertinent part:

> [T]he Bankruptcy Court shall retain after the Effective Date *exclusive jurisdiction* of all matters arising out of, arising in or related to, the Chapter 11 Cases to the fullest extent permitted by applicable law, including, without limitation, jurisdiction to:
>
> 1. *determine* all controversies and disputes arising under or in connection with the Plan and the Consolidated Estate, . . . including but not limited to, all Litigation Claims brought by the Liquidating Trustee;
>
> 4. *hear and determine* . . . adversary proceedings . . . commenced after the Effective Date, including proceedings with respect to the rights and Claims of the Liquidating Trustee . . . to bring any Litigation Claims . . . ;

(emphasis added). In addition, Article XIII, Section B of the Second Amended Plan provided that, "For all Causes of Action as to which the Bankruptcy Court shall retain jurisdiction above, venue shall be appropriate in and before the Bankruptcy Court."

The Second Amended Plan defined Litigation Claims to include those claims within the Disclosure Statement and within Schedule I.A.65 (the "First Schedule I.A.65") of the Second Amended Plan. The First Schedule I.A.65 described the potential ERP System litigation and identified some of the known potential defendants related to the ERP System failure. While the First Schedule I.A.65 did not list Sirius as a potential defendant, it included "[a]ny other parties that may be identified upon further investigation" as potential defendants in the ERP System litigation. The First Schedule I.A.65 also stated that a Revised Schedule I.A.65 would be filed no fewer than 10 days before the

Confirmation Hearing. Sirius was served with the Second Amended Plan, including the First Schedule I.A.65, along with a ballot packet, on February 6, 2009.

The Revised Schedule I.A.65 was filed on March 6, 2009, prior to the March 9th deadline for objections to confirmation. The Revised Schedule I.A.65 provided significantly more detail concerning the ERP System litigation and also included under the potential defendants category the same language, "[a]ny other parties that may be identified upon further investigation." On March 17, 2009 a Second Revised Schedule I.A.65 was filed in support of the Second Amended Plan. The Second Revised Schedule I.A.65 again included a detailed description of the ERP System litigation *and* specifically identified Sirius as a potential defendant. The certificates of service reflect that neither the Revised Schedule I.A.65 nor the Second Revised Schedule I.A.65 was served on Sirius.

On April 8, 2009, the bankruptcy court conducted a confirmation hearing regarding the Second Amended Plan as modified, including the revised schedules. Sirius did not object to confirmation of the Second Amended Plan or the specific jurisdiction and venue provisions therein. Following the confirmation hearing and the bankruptcy court's oral confirmation, the Official Committee of Unsecured Creditors filed a Third Amended Plan of Liquidation (the "Third Amended Plan") on April 9, 2009. The Third Amended Plan was essentially the Second Amended Plan as confirmed with the modifications and revised schedules that had been filed with the bankruptcy court. In particular, the Third Amended Plan included the exact same exclusive jurisdiction and venue provisions as the Second Amended Plan. On April 10, 2009, the bankruptcy court entered an order confirming the Third Amended Plan and appointing Mr. Walt as Liquidating Trustee of AASI Trust.

Two weeks later, on April 24, 2009, AASI Trust filed its Adversary Complaint (and then an Amended Complaint the same day) against Sirius and other defendants. Sirius moved to dismiss the Amended Complaint on the basis of certain venue and arbitration provisions in Sirius's pre-

-3-

confirmation contract with the Debtors. The bankruptcy court denied Sirius's motion in a Memorandum Opinion entered on July 20, 2010, finding (1) that the Third Amended Plan was a binding contract upon Sirius and therefore its venue and exclusive jurisdiction provisions superseded the arbitration provision in Sirius's pre-confirmation contract with the Debtors; and (2) that in any event Sirius had waived its pre-confirmation arbitration rights by failing to object to the Second Amended Plan and Third Amended Plan. Sirius has appealed these findings as well as the bankruptcy court's denial of its motion to dismiss.

## II. Discussion

### A.

The first issue raised on appeal is whether the bankruptcy court erred in exercising subject matter jurisdiction over the adversary proceeding based on its interpretation of its prior order confirming the Third Amended Plan. In considering the bankruptcy court's interpretation of the effect of its own order, the standard of review is abuse of discretion. *See In re Optical Technologies, Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005) (deferring to the bankruptcy court's interpretation of its order confirming a Chapter 11 plan unless it abused its discretion).

Bankruptcy courts have jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11."[1] 28 U.S.C. § 1334(b). A proceeding is "related to" a case under Title 11 when its result could conceivably have an effect on the estate being administered in bankruptcy.[2] *In re Ryan*, 276 F. App'x 963, 966 (11th Cir. 2008). Indeed, the proceeding need not be

---

[1] Title 11 of the United States Code contains the Bankruptcy Code.

[2] Sirius notes that the Third Circuit has established a "close nexus" test for determining whether a bankruptcy court has "related to" jurisdiction over *post-confirmation* proceedings such as the one here. Under that test, if a case has a "close nexus to the bankruptcy plan or proceeding, as where a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan . . . , retention of post-confirmation bankruptcy court jurisdiction is normally appropriate." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168–69 (3d Cir.

against the debtor or the debtor's property if it could affect the administration of the bankruptcy estate. *Id.*

In this case, the Court finds the "conceivable effect" test satisfied, as the resolution of the adversary proceeding could conceivably have an impact on the amount of money in the bankruptcy estate available to satisfy creditors' claims. Indeed, the ERP System Litigation Claims of AASI Trust are logically linked to the Debtors' pre-petition losses and constitute the primary means for effectuating and implementing the Third Amended Plan. Moreover, the jurisdiction and venue provisions of the Third Amended Plan—identical to those from the Second Amended Plan—clearly and unambiguously give the bankruptcy court exclusive jurisdiction over any ERP System Litigation Claims. Accordingly, the Court finds that the bankruptcy court has subject matter jurisdiction over the adversary proceeding pursuant to the "related to" language of 28 U.S.C. § 1334(b) and therefore did not abuse its discretion in exercising such jurisdiction based on its interpretation of its prior order confirming the Third Amended Plan.

### B.

The second issue raised on appeal is whether the bankruptcy court erred in its legal conclusion that the Third Amended Plan was a binding contract upon creditors such as Sirius and therefore that the venue and exclusive jurisdiction provisions of the Third Amended Plan superseded the arbitration provision in Sirius's pre-confirmation contract with the Debtors. Conclusions of law are subject to *de novo* review. *In re Holywell Corp.*, 913 F.2d 873, 879 (11th Cir. 1990).

It is well-settled that a Chapter 11 plan is a new contract that binds both the debtor and creditor,

---

2004). While the Eleventh Circuit has not adopted this test (or any test) for post-confirmation jurisdiction, the Court notes that even under the "close nexus" test the adversary proceeding here has the requisite close nexus to the bankruptcy plan and proceeding, as the ERP System Litigation Claims clearly affect the execution and administration of the Third Amended Plan. These claims were even listed in the bankruptcy court's order confirming the Third Amended Plan as a primary source of funding the implementation of the Plan.

thereby superseding the terms of any prior contract between them. *See* 11 U.S.C. § 1141(a) ("[T]he provisions of a confirmed plan bind the debtor . . . and any creditor, . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan."); *In re Newman*, 399 B.R. 541, 546 (Bankr. M.D. Fla. 2008) ("Generally, the entry of an order confirming a Chapter 11 plan binds the debtor and all creditors of the debtor . . . ."); *In re Victory Markets, Inc.*, 221 B.R. 298, 303 (2d Cir. BAP 1998) ("[A] confirmed plan holds the status of a binding contract as between the debtor and its creditors."); *In re Commercial Millwright Serv. Corp*, 245 B.R. 585, 590 (Bankr. N.D. Iowa 1998) ("Upon confirmation of the plan, all prior obligations and rights of the parties are extinguished and replaced by the plan."); *see also In re Simpson*, 240 B.R. 559, 561 (8th Cir. BAP 1999) (stating with regards to a Chapter 13 plan, "The confirmation order established the rights between the debtor and the creditor and supersedes the terms of the original contract between them.") (internal quotations omitted); *In re Siemers*, 205 B.R. 583, 586 (Bankr. D. Minn. 1997) (the terms of a Chapter 13 plan govern the post-confirmation treatment of creditors, and if a creditor does not like its treatment under the terms of a proposed plan, the creditor's remedy is to object to confirmation, not to ignore the plan and try to attack it later). Indeed, courts have described a confirmed Chapter 11 plan as a novation of pre-petition obligations. *See In re Jankins*, 184 B.R. 488, 494 (Bankr. E.D. Va. 1995). Sirius has cited to no case refuting these established principles of bankruptcy law. The fact that the right to arbitrate may be one of the pre-confirmation contractual rights superseded by a confirmed plan does not alter the analysis. *See Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 756 (7th Cir. 2002) (finding that terms of a confirmed Chapter 11 plan superseded arbitration provision in parties' pre-confirmation contract).

Nevertheless, Sirius argues that the Third Amended Plan cannot be read to supersede its pre-confirmation arbitration rights, relying on the "liberal federal policy favoring arbitration agreements."

*E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). This argument overlooks the underlying rationale behind the Federal Arbitration Act, which is that arbitration agreements should be enforced just like any other contract. The Federal Arbitration Act was enacted "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the *same* footing as other contracts." *Id.* (emphasis added). Indeed, Congress' primary concern in passing the Act was to enforce private agreements into which parties had entered. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "In other words, the federal policy embodied in the Arbitration Act is a policy favoring enforcement of contracts, not a preference for arbitration over litigation." *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prod. Co.*, 969 F.2d 585, 590 (7th Cir. 1992). Thus, recognizing a confirmed plan as a new and binding contract does not violate the "liberal federal policy favoring arbitration agreements," but instead accords with the underlying premise of that policy, which is the enforcement of contracts.

In addition, Sirius argues that it cannot be bound by the Third Amended Plan because it was not afforded reasonable notice and an opportunity to object to the plan prior to confirmation. In support of this argument Sirius points to the fact that it was not served with either the Revised Schedule I.A.65 (which described the ERP System litigation in significantly more detail) or the Second Revised Schedule I.A.65 (which was the first notice that specifically identified Sirius as a potential defendant). The bankruptcy court considered this same argument below, however, and found it to be without merit, ultimately concluding that Sirius received sufficient notice and an opportunity to be heard so as to satisfy due process requirements. This Court agrees, resting on the bankruptcy court's well-reasoned analysis.

Therefore, because the confirmed Third Amended Plan was a binding contract upon Sirius, its venue and exclusive jurisdiction provisions superseded the inconsistent arbitration provision in Sirius's

pre-confirmation contract with the Debtors. The bankruptcy court did not err in concluding as such.[3]

### III. Conclusion

Having closely reviewed the bankruptcy court's Memorandum Opinion as it pertains to Sirius, and having considered the briefs and oral argument of counsel for the parties, the pertinent portions of the record on appeal, and the applicable law, the Court finds for the foregoing reasons that the bankruptcy court did not err in denying Sirius's motion to dismiss. Accordingly, it is

**ADJUDGED** that the bankruptcy court's denial of Sirius's motion to dismiss is AFFIRMED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of August, 2011.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

---

[3] Sirius also appeals the bankruptcy court's finding that Sirius waived its pre-confirmation arbitration rights by failing to object to the venue and exclusive jurisdiction provisions of the Second and Third Amended Plans. Having already found that Sirius's arbitration rights were superseded by the terms of the Third Amended Plan, however, the Court need not address the issue of whether Sirius in fact waived such rights, even though the Court believes the bankruptcy court most likely erred in finding waiver.